T.C. Summary Opinion 2006-97


UNITED STATES TAX COURT


PAUL W. AND DEBBIE K. COLOZZA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11748-04S.               Filed June 27, 2006.


Paul W. Colozza, pro se.

Charles M. Berlau, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,047 in petitioners' Federal income tax for 2001.

The sole issue for decision is whether petitioners are entitled to a dependency exemption deduction under section 151 for their 2001 tax year for a child of Paul W. Colozza (petitioner) from a prior marriage.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time their petition was filed, petitioners' legal residence was Kansas City, Missouri.

Petitioner was previously married to Janice Lee Henderson (Mrs. Henderson). One child was born of that marriage. Petitioner and Mrs. Henderson were later divorced prior to the year at issue. The divorce decree provided that the child's primary residence was with Mrs. Henderson. In 1999, the State court in which they were divorced issued a judgment modifying the divorce decree with regard to petitioner's support obligations for the child. That modification, as it pertains to the issue before this Court, provided:

> That FATHER is awarded the tax exemption each year beginning in calendar year 1999 for the child if he makes his ordered child support (both current and arrearage) payments for that year, and MOTHER shall sign IRS Form 8332 or any other necessary documents by January 31 of the following year to ensure that FATHER receives the exemption.

There is no issue or claim that petitioner did not support the child for the year 2001 in accordance with the court decree. Prior to filing his joint Federal income tax return for 2001 with his current spouse, petitioner contacted his former spouse to obtain her consent on Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, in order to enable him and his current spouse (a petitioner herein) to claim the dependency exemption for the child. Petitioner's former spouse refused to sign the Form 8332. Petitioners, accordingly, filed their joint return for 2001 and claimed the child as a dependent. Petitioners attached to their return an unsigned Form 8332 and also attached the pertinent page or pages of the court's decree quoted above regarding petitioner's entitlement to the dependency exemption deduction for the child. Respondent disallowed the claimed dependency exemption on the ground that petitioners "did not establish" that they were entitled to the deduction.

Generally, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that the determinations are in error. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1933).[2]

---

[2]Since the issue in this case is legal in nature, sec. 7491, which in some circumstances shifts the burden of proof to respondent, is not applicable here.

Section 151(c) allows taxpayers to deduct an annual exemption amount for each "dependent" as defined in section 152. Under section 152(a), the term "dependent" means certain individuals, such as a son, daughter, stepson, or stepdaughter, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

The support test in section 152(e)(1) applies if: (1) A child receives over half of his support during the calendar year from his parents; (2) the parents are divorced under a decree of divorce; and (3) such child is in the custody of one or both of his parents for more than one-half of the calendar year. If these requirements are satisfied, as in the present case, the "child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (* * * referred to as the 'custodial parent')", thus allowing the dependency exemption to be claimed by the "custodial parent". Sec. 152(e)(1).

To decide who has custody, section 1.152-4(b), Income Tax Regs., provides that custody "will be determined by the terms of the most recent decree of divorce" if there is one in effect. Since petitioner's divorce decree declares that the primary

residence of the child was with the former spouse, she is considered the child's "custodial parent" under section 152(e).

Petitioner, as the "noncustodial parent", is allowed to claim a child as a dependent only if one of three statutory exceptions is met. Under these exceptions, the noncustodial parent is treated as providing over half of a child's support and, therefore, entitled to the dependency exemption if, as pertains to this case: "(A) The custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent", and "(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year". Sec. 152(e)(2). The two other situations in which petitioner could have claimed the exemption are not applicable to this case.

With respect to the provisions of section 152(e) and the pertinent portion of section 152(e)(2) described above, in order for the noncustodial spouse to claim the dependency exemption deduction, it is specifically required that the custodial parent sign "a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent". Pursuant to this statutory provision, temporary regulations were promulgated that provide: "The written declaration may be made on a form to be provided by the Service for this purpose. Once the Service

has released the form, any declaration made other than on the official form shall conform to the substance of such form." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).[3] Form 8332 requires the (1) name of the children for which exemption claims were released, (2) years for which the claims were released, (3) signature of the custodial parent, (4) Social Security number of the custodial parent, (5) date of signature, and (6) name and Social Security number of the parent claiming the exemption.

Petitioner argued at trial that the documentation he attached to his income tax return conformed to the substance of Form 8332. The Court disagrees. There is no statement from the former spouse as to the year or years in which the dependency exemption is released, nor does the information submitted with petitioner's income tax return include the Social Security number of his former spouse, and, most importantly, there is no signed statement by the former spouse that she would not claim the dependency exemption deduction. In fact, the parties at trial

---

[3]The Court notes that temporary regulations have binding effect and are entitled to the same weight as final regulations. Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992); see LeCroy Research Sys. Corp. v. Commissioner, 751 F.2d 123, 127 (2d Cir. 1984), revg. on other grounds T.C. Memo. 1984-145.

acknowledged that petitioner's former spouse had claimed the child as a dependent on her income tax return for 2001.

Although petitioner's divorce decree provides that he is entitled to the dependency exemption deduction for the child, State courts, by their decisions, cannot determine issues of Federal tax law.  Commissioner v. Tower, 327 U.S. 280 (1946); Kenfield v. United States, 783 F.2d 966 (10th Cir. 1986); Nieto v. Commissioner, T.C. Memo. 1992-296.  Thus, the Court concludes that, pursuant to section 152(e), petitioner is not entitled to claim his child as a dependent for 2001.  His recourse, if any, lies in the State court for enforcement of the divorce decree.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.